UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| MELVIN TAYLOR, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No.: 3:17-CV-263-TAV |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

## **MEMORANDUM OPINION**

Petitioner Melvin Taylor has filed a motion to vacate, set aside, or correct his sentence under to 28 U.S.C. § 2255 [Doc. 1]. The United States has responded in opposition [Doc. 8]. Because Taylor's § 2255 motion is barred by a valid waiver provision in his voluntary plea agreement, it is unnecessary to hold an evidentiary hearing,[1] and the motion will be denied.

The facts underlying Taylor's conviction are immaterial. He was sentenced to 144 months' imprisonment, in accordance with the Rule 11(c)(1)(C) plea agreement negotiated by the parties [No. 3:14-cr-22: Docs. 16, at ¶ 5; Doc. 27 (judgment); Doc. 37 (transcript)]. In that same plea agreement, Taylor waived various rights, including his right to file a

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

direct appeal or a § 2255 motion, except for certain claims of ineffective assistance of counsel or prosecutorial misconduct [No. 3:14-cr-22: Doc. 16, at ¶ 9]. Taylor nonetheless attempted to appeal, but the Sixth Circuit ultimately dismissed the appeal based on that valid, enforceable waiver provision [No. 3:14-cr-22: Doc. 39].

And history repeats itself. Taylor now seeks to challenge his conviction under § 2255, arguing that, in light of *Mathis v. United States*, 136 S. Ct. 2246 (2016), and *Descamps v. United States*, 570 U.S. 254 (2013), his prior convictions no longer count as predicates under the United States Sentencing Guidelines. But in his plea agreement he unambiguously waived his right to file a § 2255 motion except for "claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of entry of judgment" [No. 3:14-cr-22: Doc. 16, at ¶ 9], which this claim is clearly not. The Sixth Circuit has held that "a defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007). Taylor has not challenged the voluntariness of his plea agreement, so the waiver provision bars this motion.

Accordingly, Taylor has failed to establish any basis upon which § 2255 relief could be granted, and his motion will therefore be **DENIED** [Doc. 1].

This claim does not warrant a certificate of appealability ("COA"), which is issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a claim is rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. No reasonable jurist would disagree with the above conclusion that Taylor's claim is barred by the waiver in his plea agreement, so a COA **SHALL NOT ISSUE.**

Moreover, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed in forma pauperis on appeal, should he file for one. *See* Fed. R. App. P. 24.

A SEPARATE ORDER WILL ENTER.

                                             s/ Thomas A. Varlan
                                             UNITED STATES DISTRICT JUDGE